**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| LIFEWISE, INC, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO: 1:24-cv-000268 |
| ZACHARY PARRISH, | ) |
| Defendant. | ) |

**REPORT OF PARTIES' PLANNING MEETING**

1. The parties held a planning meeting and conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on August 27, 2024. James S. Kresge participated for the plaintiff, and William A. Ramsey participated for the defendant.

2. Jurisdiction.

    The Court has subject matter jurisdiction over this action because it arises under federal law, 17 U.S.C. §§ 101 et seq. See also 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions). There are no issues regarding personal jurisdiction or venue and Defendant has been served.

3. Pre-Discovery Disclosures.

    _____ The parties will exchange, *but may not file*, Rule 26(a)(1) information by August 28, 2024.

4. Discovery Plan.

    The parties propose the following discovery plan. All capitalized terms have the same meaning as defined in the Complaint.

    Discovery will be needed on the following subjects:

    (a)   Plaintiff, without prejudice to its rights to seek discovery on any relevant issue, contemplates seeking discovery concerning its copyright infringement claim and Defendant's defenses to the claim, including, but not limited to:
    
      i. The individuals who aided, assisted, and worked in concert with Defendant's conduct alleged to be infringing in this proceeding.

1

      ii. The basis for each of Defendant's affirmative defenses in this proceeding.

      iii. Defendant's distribution of the LifeWise Curriculum including the methods of distribution and the persons to whom Defendant has distributed the LifeWise Curriculum.

(b) Defendant, without prejudice to its rights to seek discovery on any relevant issue, contemplates seeking discovery concerning all issues related to Plaintiff's copyright infringement claim and Defendant's defenses to the claim, including, but not limited to:

      i. The white label copyright licensing agreement between Plaintiff and Lifeway Christian Resources.

      ii. Plaintiff's claim that it has been harmed by Defendant's alleged infringing conduct.

Disclosure or discovery of electronically stored information should be handled as follows:

Defendant agrees to preserve ESI concerning the distribution of the LifeWise Curriculum that is within his control.

The last date to complete all discovery is January 10, 2025.

Maximum of 15 interrogatories by each party to any other party.

Maximum of 15 requests for admission by each party to any other party.

Absent leave of Court, Maximum of 2 depositions by plaintiff and 2 by defendant.

Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

Friday February 28, 2025 for plaintiff;

Friday March 28, 2025 for defendant; and

2

Monday April 28, 2025 for Rule 26(e) supplements.

5. Other Items.

   The last date the plaintiff(s) may seek permission to join additional parties and to amend the pleadings is January 24, 2025.

   The last date the defendant(s) may seek permission to join additional parties and to amend the pleadings is January 24, 2025.

   The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

   The case should be ready for trial by <u>twelve (12) months</u> and at this time is expected to take approximately <u>three (3)</u> days.

   At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

   The Plaintiff and Defendant agree to work together in good faith to enter a joint stipulation of facts by October 15, 2024.

   If the Defendant files a Motion to Dismiss pursuant to Rule 12(B)(6) or Rule 12(C) on or before September 13, 2024, the Parties agree to stay discovery until the Court rules on the Defendant's motion. The Parties agree to adjust the dates for discovery once the Court has ruled on Defendant's motion.

6. Alternative Dispute Resolution.

   The case's settlement prospects may be enhanced via the following ADR procedure: a judicial settlement conference.

   Date: August 27, 2024


   /s/ James S. Kresge              /s/ William A. Ramsey
   Counsel for Plaintiff            Counsel for Defendant

3